IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| C.W. MINING COMPANY et al.,<br>Appellants,<br><br>v.<br><br>KENNETH A. RUSHTON, et al.,<br>Appellees. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO DISMISS APPEAL AS MOOT<br><br>Case No. 2:10-CV-920 TS |

This matter is before the Court on appellee Kenneth A. Rushton, Chapter 7 Trustee of the Estate of C.W. Mining Company ("Trustee"), and Interested Parties Rhino Energy LLC ("Rhino") and Castle Valley Mining LLC's ("Castle Valley") (collectively referred to hereinafter as "Movants"), Joint Motions for Dismissal of Appeal as Moot.[1] Movants filed their Joint Motions for Dismissal prior to consolidation of the four separate cases that now constitute this appeal. For this reason, there are four separate motions pending in this matter. The Court will consider the Motions jointly. For the reasons discussed more fully below, the Court will grant the Motions.

[1]Docket Nos. 5, 28, 36, 45.

# I. BACKGROUND

This case is a consolidation of four separate bankruptcy appeals—case numbers *2:10-CV-920*, *2:10-CV-921*, *2:10-CV-922*, and *2:10-CV-924*. These cases were consolidated because each pertained to a direct appeal of the same 11 U.S.C. §§ 363 and 365 sale order entered in the underlying bankruptcy proceeding. The appellants in this consolidated case are C.W. Mining Company ("CWM"), Charles Reynolds, Hiawatha Coal Co., Inc. ("Hiawatha"), C.O.P. Coal Development Co. ("COP"), Standard Industries Inc., ABM Inc., World Enterprises, Security Funding Inc., Fidelity Funding Inc., PPMC Inc., and ANR Co., Inc. ("ANR") (collectively referred to hereinafter as "Appellants").

This dispute arises from the involuntary bankruptcy of CWM. Prior to entering bankruptcy, CWM was in the business of mining coal. In 2003, CWM entered into an agreement with a purchaser whereby CWM agreed to provide a fixed quantity of coal per year at a set price. Subsequently, CWM fell behind in its coal production and could not meet the terms of its agreement. In due course, the purchaser brought suit against CWM to recoup the damages it sustained as a result of CWM's impaired performance under the agreement. On October 30, 2007, this Court awarded a $24.8 million judgment against CWM.

On January 8, 2008, four CWM creditors filed an involuntary Chapter 11 bankruptcy petition against CWM in the Bankruptcy Court for the District of Utah. An order for relief was entered on September 26, 2008. On November 13, 2008, CWM's Chapter 11 bankruptcy proceeding was converted to a Chapter 7 liquidation proceeding and on November 19, 2008, the Trustee was appointed. During the resulting bankruptcy case, the Trustee filed adversary

proceedings against various parties—including a majority of the Appellants—to determine CWM's rights under lease agreements for mine properties and the ownership of CWM's mine assets.

On March 2, 2010, the bankruptcy court entered a sale order (the "First Sale Order"), authorizing the sale of CWM's coal mining assets to Bear Canyon Mining LLC. The sale to Bear Canyon Mining LLC did not close due to Bear Canyon's inability to fund the purchase. Though the First Sale Order was unsuccessful, Appellants have appealed the findings of fact and conclusions of law the bankruptcy court relied on in reaching the First Sale Order. The parties dispute whether Appellants may appeal these findings of fact and conclusions of law. The Court would note that this is a non-issue, as the findings of fact and conclusions of law were expressly adopted by the subsequent sale order that gives rise to this appeal.

On August 4, 2010, the bankruptcy court entered a second sale order, the "Order Authorizing Sale of Mine Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests and Authorizing the Assumption and Assignment of Executory Contracts under 11 U.S.C. §§ 363 and 365" ( the "Sale Order").[2] The Sale Order approved the sale of virtually all of CWM's mine assets to Rhino and its wholly owned subsidiary Castle Valley for a purchase price of $15,000,000. No party to the bankruptcy proceeding sought a stay of the Sale Order and the conveyance to Rhino and Castle Valley occurred on August 25, 2010. Through this action, Appellants directly appeal the Sale Order.

---

[2] *In re C.W. Mining Company*, No. 08-20105 at Docket No. 1558.

## II. DISCUSSION

Movants assert that this appeal is statutorily moot because Appellants have directly appealed the Sale Order without obtaining a stay in contravention of 11 U.S.C. § 363(m). Additionally, Movants argue that the instant appeal is equitably moot because of the change in circumstances of parties and non-parties to the bankruptcy case in reliance on the Sale Order. The Court finds the statutory mootness doctrine of § 363(m) directly on point and will grant Movants' Motions on that grounds.

Subsection 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

This "statute embodies the concepts of finality, jurisdiction and mootness. Insuring [sic] the finality of a bankruptcy sale protects a good faith purchaser's investment by minimizing litigation and increases the price that the purchaser is willing to pay for the property, maximizing the benefit to the estate."[3] "In most cases, § 363(m) renders the appeal of an order authorizing a § 363(b) sale moot if the appellant fails to obtain a stay pending appeal and the sale is made to a

---

[3] *Crowder v. Given (In re Crowder)*, 314 B.R. 445, 448 (10 Cir. BAP 2004) (internal citations omitted).

good faith purchaser."[4] However, "where state law or the Bankruptcy Code provides remedies that do not affect the validity of the sale, § 363(m) does not moot the appeal."[5]

Here, no one disputes that Rhino is a good faith purchaser and that none of the Appellants sought to stay the sale. Appellants are also directly appealing the Sale Order subject to § 363(m) protections. Thus, Appellants' claims are clearly barred unless state law or the Bankruptcy Code provides remedies that do not affect the validity of the sale.

In their briefs in opposition, Appellants seek the same relief and raise identical arguments previously addressed in each of the Appellants' direct appeals of the adversary proceedings.[6] For example, Hiawatha seeks to recover some or all of the mine assets sold to Rhino or the proceeds of that sale and ANR seeks to reverse the bankruptcy court's interpretation of a clause in one of the property leases included in the Sale Order. Indeed, Appellants state that their "purpose in submitting this response is to preserve their rights to pursue their appeals of issues that have been identified in this appeal, but that are separately maintained in separate appeals."[7]

For the same reasons provided in this Court's consideration of Appellants' appeals of the adversary proceedings, the Court finds that state law and the bankruptcy code do not provide

---

[4]*Id*. at 448-49 (internal citations omitted).

[5]*Osborn v. Durant Bank & Trust Co. (In re Osborn)*, 24 F.3d 1199, 1204 (10th Cir. 1994), *abrogated in part on other grounds by Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007).

[6]*See ANR Co., Inc. v. Rushton*, 2012 WL 1556236 (D. Utah May 2, 2012); *Hiawatha Coal Co. v. Rushton*, 2012 WL 1788195 (D. Utah May 16, 2012); *Reynolds v. Rushton*, 2012 WL 1802444 (D. Utah May 17, 2012); *C.O.P Coal v. Rushton*, 2:10-CV-269 at docket No. 34.

[7]Docket No. 39, at 23.

Appellants relief in this action that would not affect the validity of the Sale Order. Therefore, this appeal is rendered moot by the precepts of § 363(m).

## III. CONCLUSION

It is therefore

ORDERED that Movants' Joint Motions for Dismissal of Appeal as Moot (Docket Nos. 5, 28, 36, 45) are GRANTED. The Clerk of Court is directed to close this case forthwith.

DATED June 27, 2012.

BY THE COURT:

TED STEWART
United States District Judge